ANGELINA CAVALLARO, RESPONDENT, v. SUPREME DECORATING CORPORATION, PROSECUTOR.

Submitted May 4, 1948—Decided July 26, 1948.

Before Justices BODINE and JACOBS.

For the prosecutor, *O'Brien, Brett & O'Brien* (*Thomas J. Brett*).

For the respondent, *Harry Indursky* and *Aaron Gordon*.

The opinion of the court was delivered by

BODINE, J.   This is a workmen's compensation case.   The Bureau found that the workman died of natural causes and

that his death was not due to an accident arising out of and in the course of his employment. The Court of Common Pleas reversed this finding. It becomes our duty to make an independent finding of facts.

Joseph Cavallaro, the deceased, was a painter by trade. He was a man 64 years of age, in good health, rugged, strong and a steady worker. On the last day he worked, he was painting the inside walls and ceiling of a room ten feet high in a building belonging to the Hudson County Parental Home. He was standing on a plank about three feet high. A witness named McGee, a friend, was working on the outside. He testified that he saw Cavallaro reaching upon his toes to paint the wall; then he did not see him so he went into the building, and found the workman unconscious lying upon the floor. When the stricken man regained consciousness, he said: "This here stinking, rotten paint—it gets me dizzy and I fall." Cans of paint were spilled and the paint was wiped up by other witnesses. The family of the deceased all testified that when he was brought home his face was bruised.

Prosecutor's foreman, still in its employ, testified that the deceased had become sick on the job and he had suggested to him that he lie on the floor. Of course, if there was no fall there was no accident and the decedent's death was due to natural causes, but we do not think the testimony of McGee can be so lightly laid aside. As we read it, it was clear and convincing. Nor do we think that the evidence of the family, as to the bruised condition of the face, can be entirely overlooked even though they may have an interest in the outcome. The attending physician, when he first examined the deceased, observed a bruise mark over the left ear.

The testimony of the prosecutor's foreman that the deceased had not worked the afternoon of October 29th, 1945, and was directed by him to lie on the floor for several hours in a room filled with the fumes of paint, while in a sick condition, seems hardly credible and we have no difficulty in rejecting it. He certainly exercised no care for his subordinate.

The case presents to us credible proof of an accident arising out of and in the course of the employment, and we so find.

The medical testimony has been carefully considered and weighed. Most of it is of a hypothetical character and resolves itself into a question: could the man have died of natural causes or could he not? We regard such question and answer entirely too speculative in character to defeat recovery.

The result of our examination is that we think the judgment of the Court of Common Pleas should be affirmed and the writ dismissed, with costs.